UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LUCIOUS ALLEN | CIVIL ACTION NO. 05-1557 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| UNITED STATES | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, **doc. # 20,** and a motion for summary judgment, **doc. #21,** filed by defendant, the United States. The motion has been referred to me for report and recommendation.

Plaintiff, a prisoner at the United States Penitentiary at Pollock, Louisiana, filed suit against the United States under the federal Tort Claims Act (FTCA), 28 U.S.C. 2674, for damages as a result of an attack on the plaintiff by his cell mates.

Plaintiff alleges the fault of the United States, through one of the penal officers, by distributing safety razors and failing to insure that, when they were picked up from the prisoners, all of the razors were accounted for. Plaintiff was attacked with a what is believed by him to have been a razor.

The government seeks to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction on the basis that the United States has not waived its right to assert the defense of qualified immunity. Specifically, the government argues that the

discretionary function exception to the FTCA waiver applies in this case.

## Motion to Dismiss

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993).

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a

genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 106 S.Ct. 2548 at 2552; <u>International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc.</u>, 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the non-movant's case. <u>Little v. Liquid Air Corporation</u>, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Izen v. Catalina</u> 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the

4

"pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## Sovereign Immunity

The United States and its agencies, officers and employees may not be sued for money damages without specific statutory consent. U. S. v. Shaw, 60 S. Ct. 659 (1940); U.S. v. Sherwood, 61 S.Ct. 767 (1941). Houston Community Hospital v. Blue Cross, 481 F.3d 265 (5th Cir., 2007). The FTCA provides for such consent; however, an exception applies where the government's actions are a result of discretionary acts. 28 U.S.C. 2680(a).

## Analysis

Plaintiff was housed in the Special Housing Unit (SHU) with cell mate Rashad Smith from July 15, 2003 to October 18, 2003. He, Smith, Alexieus Montgomery, Jevon Armour and Eric Sherrod, all of whom are members of the Black Gangster Disciples, were all in the SHU for the purpose of separating them from another gang. Plaintiff requested that he be returned to general population and requested that he be housed with Montgomery, Armour and Sherrod. The three agreed to be housed with plaintiff. Sherrod changed his mind, but on October 17, 2003, Montgomery and Armour were placed in the cell with plaintiff and Smith.

On October 18th, Officer Clayton Lucas disbursed razors to the four men at approximately 9:45 a.m. and picked them up at approximately 1:00 p.m. The attack on plaintiff with a razor blade

5

occurred at approximately 1:35 p.m.

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on the complaint alone, the complaint supplemented with undisputed facts, or with disputed facts resolved by the court. Robinson v. TCI/US West Comm., Inc., 117 F.3d 900 (5th Cir. 1997). The party invoking jurisdiction has the burden of establishing it. See McNutt v. General Motors Acceptance Corp., 56 S.Ct. 780 (1936).

Waivers of sovereign immunity are to be strictly construed. Linkous v. United States, 142 F.3d 271 (5th Cir. 1998). All ambiguities are to be resolved in favor of the sovereign. Price v. United States, 69 F.3d 46 (5th Cir. 1995).

As suggested above, the FTCA's waiver of sovereign immunity does not extend to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. 2680(a). In order to determine whether the exception applies, it must first be determined whether a federal statute, regulation or policy mandates an action or whether the challenged conduct involves an element of choice. If it involves an element of choice, then the court must look to whether the challenged actions were "based on considerations of public policy". Berkovitz v. United States, 486 U.S. 531 (1988). If so, the action is shielded

6

from tort liability under the FTCA.

The plaintiff claims that the government was negligent in placing these four inmates in the same cell. However, plaintiff specifically agreed to be housed with each. An investigation was performed prior to placing the inmates together and no threat was discovered. Further, plaintiff had been a long time cell mate of Smith. Plaintiff argues, however, that Allen's three cell mates were all incarcerated for serious crimes and therefore, the prison should not have placed them in the cell with Allen. This reasoning would, however, mean that every inmate at the penitentiary would have to have a private cell, for all inmates at Pollock are incarcerated for serious crimes. Although it is true, as plaintiff suggests, that the government is charged by statute with the "safekeeping, care and subsistence" and "protection" of prisoners, 18 U.S.C. 4042, the decision where to house an inmate is solely the government's decision. Therefore, where, as here, the government has the discretion where and how to house inmates and in what manner to issue safety razors, the discretionary function exception applies and the government is shielded from plaintiff's tort claims. See, generally, <u>Buchanan v. United States</u>, 915 F.2d 969 (5th Cir. 1990).

Even if the government had waived sovereign immunity as to the distribution of razors, plaintiff's claim nonetheless fails. In analyzing claims under the FTCA, the law of the state governs.

7

Richards v. United States, 82 S.Ct. 585 (1962). In Louisiana, the determination of negligence is based on a duty-risk analysis. Although prison officials do have general statutory duty to protect prisoners, they are not required to stand guard ss each prisoner uses his razor. Here the razors were collected promptly. As suggested by the government, the risk is a calculated risk of prison life. In any event, as pointed out above, the discretionary function exception applies to prevent waiver of sovereign immunity as to this claim.

For the foregoing reasons IT IS RECOMMENDED that defendant's motion to dismiss be GRANTED and that the claims against the United States be DISMISSED with prejudice. It is further Recommended that the motion for summary judgment, Doc. 21, be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 15th day of August, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE